### FRANK SIEVERT ET AL. V. J. W. UNDERWOOD.

Decided January 7, 1910.

**1.—Covenant of Warranty—Breach—Limitation.**

Pending a suit of trespass to try title, one of the defendants who was in possession of a small part of the tract involved, entered into a valid contract with the attorneys for the plaintiff in said suit that, out of the contingent interest which said attorneys would acquire in the event they were successful, they would protect said defendant by having adjudged to him the number of acres he occupied and claimed; the attorneys were successful; more than four years thereafter the said defendant filed suit against his original vendor for breach of his covenant of warranty, and in said suit the warrantor plead the statute of limitation of four years. Held, that the statute began to run from the date of the final judgment in the suit of trespass to try title and not from the date of the contract with the attorneys.

**2.—Limitation—Pleading.**

A defendant setting up the statute of limitation by way of demurrer must show that on the face of his adversary's pleading the action is barred.

**3.—Breach of Warranty—Measure of Damages.**

In the absence of evidence that the part of the land the title to which has failed, is not of equal value with the rest of the land, the court will presume that it is all of uniform value, and use the purchase price per acre as the measure of damage for breach of a covenant of warranty.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower.

*Eugene A. Wilson* and *M. S. Duffie,* for appellant.—The plaintiff's petition showing that plaintiff purchased the land covered by breach of warranty of defendants from Martin and Votaw, and the uncontradicted evidence showing said purchase to have been filed May 4,

1907, six years after the purchase by plaintiff from Votaw and Martin, judgment should have been rendered for defendants on the plea of limitation. Rawle on Covenant of Title (5th ed.), sec. 146, note 1, citing Turner v. Goodrich, 26 Vt., 707; Flowers v. Foreman, 64 U. S., 409 (L. ed.); Jones' Heirs v. Pauls' Heirs, 59 Texas, 44; Wagner v. Finnegan, 67 N. W., 795; Clark v. Mumford, 62 Texas, 531; Harrison Machine Works v. Reigor, 64 Texas, 90.

The court erred in rendering judgment for the plaintiff, in this, that the evidence failed to show the value of the 139 acres of land title to which is alleged by plaintiff to have failed, the evidence therein being insufficient to support the judgment. White v. Holley, 3 Texas Civ. App., 590; Gass v. Sanger, 30 S. W., 503; Weeks v. Barton, 31 S. W., 1072.

*A. D. Lipscomb,* for appellee.

REESE, Associate Justice.—J. W. Underwood brings this suit in the District Court against Frank Sievert and B. R. Norvell, administrator, and also the heirs of William Day, to recover upon covenants of warranty of title in the sale and conveyance of certain land by said Sievert and Day to S. M. Scott, and by said Scott to said Underwood. The amount sued for is $834 with interest at six percent per annum from March 9, 1899. The heirs of Day were dismissed from the suit. Sievert and Norvell, administrator, by their amended answer, excepted to the petition on the ground that it appeared from the allegations thereof that plaintiff's claim was barred by the statute of limitation. Defendants further pleaded the general issue and the statute of limitation of four years in bar of the action. The exceptions were overruled, and upon trial without a jury there was judgment for plaintiff for $959, from which this appeal is prosecuted.

The evidence was sufficient to establish the liability of defendants for the amount of the judgment. Upon the issue of the statute of limitation, which is practically the only ground relied upon on this appeal, the evidence, which was undisputed, established that on March 7, 1899, H. L. Humphrey employed J. N. Votaw and J. D. Martin to bring suit to recover a tract of 900 acres of land, part of the D. Choate survey, entering into a written contract to convey to them one-fourth of whatever land might be recovered in such litigation. The said 900 acres of land included 139 acres of the land which had been sold by Sievert and Day to Scott and by Scott to appellee, the covenants of warranty in which sale was the basis of the suit. On March 7, 1899, H. L. Humphrey, by his said attorneys, instituted suit against J. W. Underwood, Frank Sievert and W. M. Day and other defendants, for said 900 acres of land. On May 1, 1901, J. N. Votaw and J. D. Martin executed a certain contract in writing in which is set out their said contract with Humphrey and the filing of the suit, and whereby, in consideration of the payment to them of $1,350 by J. W. Underwood, they covenanted and agreed with him that if said suit was successful in behalf of plaintiff Humphrey they would "see that the decree taken sets aside to said Underwood, as part of our

undivided interest therein, an amount of said land equal in acreage to the amount of said 900 acres which is included in the N. ½ of subdivision No. 12 of the said D. Choate league, being about 135 acres more or less," which was the land sold to Underwood, included in said tract sued for. This suit of Humphrey against Underwood, Sievert and Day, upon trial in the District Court, was decided in favor of defendants, but upon appeal to this court this judgment was reversed and judgment rendered in favor of plaintiff Humphrey. However, upon receipt of the mandate by the District Court it appears that, by reason of the agreement between Votaw and Martin and Underwood, a decree was rendered protecting Underwood's title to his 139 acres. The judgment of the Court of Civil Appeals was rendered January 4, 1906, and the judgment of the District Court, above referred to, on April 21, 1906. The original petition in the present suit was filed May 4, 1907, and with reference to the matter referred to, contained the following allegations:

"That on or about the 7th day of March, 1899, said H. L. Humphrey, through his said attorneys, filed suit against this said plaintiff and others for the said 900 acres of land, and this plaintiff then believing or fearing the title of the said H. L. Humphrey to be paramount, was compelled to pay and did pay to the said J. N. Votaw and J. D. Martin the sum of $1,350 in cash as a consideration for the promise and agreement of the said J. N. Votaw and J. D. Martin to protect this plaintiff from dispossession of said 139 acres of land, through their one-fourth interest in the adverse title.

"That the said litigation was never finally determined until a judgment was rendered by the Court of Civil Appeals of the First Supreme Judicial District of Texas, on or about the 30th day of March, 1906, adjudging that the paramount title to the said 900 acres of land was in the said H. L. Humphrey, under which judgment this plaintiff would have been dispossessed but for the arrangement with said Votaw and Martin above detailed."

It may be said in limine that neither of the three assignments of error is so presented as to require consideration, as there is no semblance of a statement from the record following the propositions under each as is required by Rule 31. We have, however, examined the record sufficiently to be able to see that neither of the assignments is well taken.

The first assignment attacks the judgment on the ground that the evidence shows that appellee's suit was begun more than four years after the accrual of his cause of action, and is barred by the statute of limitation. Appellants' ground for this contention is that appellee's cause of action arose at the date of the contract with Votaw and Martin hereinbefore recited. Appellants seek to apply to the facts of this case the rule stated in Rawls on Covenants of Title (4th ed., p. 168), "that a purchase by a covenantee of an outstanding paramount title, when that title is actually asserted, will constitute such an eviction as will entitle him to damages upon his covenants for quiet enjoyment or of warranty, measured by the amount he has thus paid." (Loomis v. Bedel, 11 N. H., 74; Turner v. Goodrich, 3 Deane (Vt.), 709; Flowers v. Foreman, 64 U. S. (Lawyers' Ed.), 407.) The facts

of this case do not fall within this rule. Appellee was sued along with his warrantors, and pending this suit did not buy the paramount title, which was held by Humphrey, but the effect of his contract with Martin and Votaw was that, in the event that suit was finally determined in favor of the plaintiff, they, who held only a contract for an undivided one-fourth interest in the event of recovery, would protect Underwood to the extent that he should receive out of their one-fourth in the 900 acres as much land in acreage as he lost in the suit. It does not require any discussion to show that this was not such a purchase of the paramount title to the 139 acres conveyed to Underwood by Scott as would authorize a suit upon the warranty. Appellee's warrantors, Day and Sievert, as well as appellee, were defendants in this suit and were defending this title, and the judgment of the District Court was in their favor. Clearly, in these circumstances, appellee had no cause of action upon his warranty, until the final determination of that suit against him. It was only upon such determination that the contract of Votaw and Martin became operative at all.

The second assignment is directed to the action of the court in overruling the exception to the petition on the ground that it appears therefrom that the cause of action was barred by limitation. We have set out the allegations of the petition on this point. Even if these allegations had showed a purchase of the paramount title sufficient to give appellee a cause of action on the warranty under the rule above stated, which they do not, it is not stated when this contract was made with Votaw and Martin and therefore it does not appear that the suit was not instituted within four years of such date. The plea is in the nature of a general demurrer, and subject to the rule that as against it every reasonable intendment will be indulged in favor of the pleading demurred to. "A defendant setting up the statute of limitation by way of demurrer, must show that on the face of his adversary's pleadings the action is barred." (Rucker v. Dailey, 66 Texas, 287.)

There is no merit in the third assignment of error and proposition thereunder. The entire tract of 225 acres was sold to Underwood at $6.00 per acre. There was no claim nor evidence that the 139 acres lost was not of equal value with the rest, and the court did not err in holding that this price per acre was the proper measure of appellee's damages.

We find no error in the record and the judgment is affirmed.

*Affirmed.*