## MOORE v. ASHBROOK et al.
### No. 11630.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 2, 1946.

Rehearing Denied Oct. 30, 1946.

J. B. Lewright, of San Antonio, for appellant.

David E. Hume, of Eagle Pass, for appellees.

NORVELL, Justice.

This is an action of trespass to try title involving a narrow strip of ground lying between the west bank and the center line of Las Moras Creek, a tributary of the Rio Grande.

In February of 1936, appellant, G. Bedell Moore, executed a deed of conveyance to appellee C. D. Ashbrook, describing a large tract of land in Kinney and Maverick Counties. The field notes of the conveyance, insofar as pertinent here, are the parts relating to the boundary upon Las Moras Creek. The proper construction of the calls along the creek determines the disposition of this case, and they are as follows:

"Beginning on the west bank of Las Moras Creek at its confluence with the Rio Grande River; thence in a northeasterly direction along the west bank of Las Moras Creek 750 varas to a point in the north line of Survey No. 79 and south line of Survey No. 80; * * *"

Another part of the field notes of the deed reads as follows:

"Thence east 1900 varas to a point in the west bank of Las Moras Creek, said north line of Survey No. 80; thence in a southwesterly direction along the west bank of Las Moras Creek 1150 varas to a point in the south line of Survey No. 80 and the north line of Survey No. 79, * * *."

In 1940 G. Bedell Moore conveyed 19.13 acres of land to Claude McKee and wife, who in turn conveyed the same to J. S. McKee. These deeds describe a tract of land lying within the bed of Las Moras Creek and the west bank thereof is described as one of the boundaries of the tract.

Ashbrook brought this suit against J. S. McKee, contending that his senior deed described and conveyed a tract of land extending to the center of Las Moras Creek. G. Bedell Moore was brought into the suit by McKee upon his covenant of warranty contained in the 1940 deed.

The trial court peremptorily instructed the jury to find for Ashbrook upon the title dispute involved, and for J. S. McKee against G. Bedell Moore for the sum of $114.84 for the loss of 9.57 acres, to which Moore had warranted the title.

We think the trial court correctly construed the Ashbrook deed.

In Texas Jurisprudence it is stated, in substantially the same wording as that employed in Dutton v. Vierling, Tex.Civ. App., 152 S.W. 450, that: "When there is a call for the bank, the place where the surveyor stopped is to be taken, not as the corner, but the place where the projected line enters the stream; it is immaterial whether such place be at the edge of the water or at a convenient distance back on the line." 7 Tex.Jur. 134, § 15.

It is further stated that the rule "is applied because of the necessity of the case. A surveyor usually cannot go into a stream to make a corner, so he makes a corner on the bank in order to identify the place where he stopped,—the rule being an exception to the one which requires the following the footsteps of the surveyor. The rule is applied in public grants for the reason that it is the policy of the government ultimately to grant all its lands to individuals. Streams are made the boundaries of surveys in order that the owners on each side may have access to the water; and it is unreasonable to suppose that the government intended to reserve the narrow strip of land between surveys covered by the non-navigable streams. Similar reasons apply in case of private grants." 7 Tex.Jur. 133, § 14.

Appellant contends that the rule above stated applies only to non-navigable streams and that the evidence raised a jury issue as to whether or not Las Moras Creek is a "navigable stream" as defined in Article 5302, Vernon's Ann.Civ.Stats., which provides that, "All streams so far as they retain an average width of thirty feet from the mouth up shall be considered navigable streams within the meaning hereof, and shall not be crossed by the lines of any survey."

It may be stated generally that the rule relating to the extension of boundaries to the thread of a stream applies only to non-navigable streams, for the reason that the State, in pursuance of its public policy, usually retains title to the bed of a stream which is classified as navigable by reason of the statute quoted.

However, in Texas we have streams which may be classified as navigable under Article 5302, yet the title to the bed thereof is not vested in the State. This is particularly true since the passage of the Small Act in 1929. Acts 1929, 41st Leg. p. 298, Ch. 138, Article 5414a, Vernon's Ann.Civ. Stats.

In State v. Bradford, 121 Tex. 515, 50 S.W.2d 1065, 1074, 1078, it is stated that: "The decisions of this state announce the rule that the state can grant soil beneath navigable public waters."

It is apparent that Moore, by his conveyance to the McKees, definitely repudiated any theory that ownership of the bed of Las Moras Creek was vested in the State. It was also stipulated below that "G. Bedell Moore is the common source of title, and both parties claim under and by and through that common source."

The effect of this agreement was to concede that title to the bed of Las Moras Creek had passed out of the sovereignty of the soil and vested in the common source. Taylor v. Doom, 43 Tex.Civ. App. 59, 95 S.W. 4.

Since, upon the record, title to the bed of Las Moras Creek was vested in G. Bedell Moore, we conceive of no good reason why the general rule applicable to the construction of deeds abutting upon non-navigable streams should not apply. It is in accordance with the public policy of the State that the owners of properties abutting on both sides of a stream have access to the waters thereof, and to accomplish this end, a deed will be construed so as to pass title to the center of the stream unless a contrary intent is clearly shown by the language of the instrument, or unless title to the bed of the stream is vested in the State. Dutton v. Vierling, Tex.Civ.App., 152 S.W. 450; 7 Tex.Jur. 132, § 13. We hold that the trial court did not err in failing to submit an issue to the jury as to whether or not Las Moras Creek was "navigable" under Article 5302.

Appellant also contends that the trial court erred in instructing the jury to return a verdict in favor of J. S. McKee and against appellant "for the sum of $114.84, for the loss of 9.57 acres" recovered by Ashbrook.

The consideration paid to Moore for his conveyance to the McKees of 19.13 acres of land was $229.56, which was $12.00 per acre. For the 9.57 acres Ashbrook recovered, the court allowed McKee a recovery at the rate of $12 per acre. There was no evidence or claim that the part of the tract lost was not of equal value with the remainder of the tract. Consequently, there was no error in the trial court's action. Sievert v. Underwood, 58 Tex.Civ.App. 42, 124 S.W. 721.

The judgment is affirmed.