**SELKIRK ISLAND CORP., Appellant,**

**v.**

**M.H. STANDLEY, et al., Appellees.**

**No. 13-83-484-CV.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 13, 1984.

Rehearing Denied Jan. 3, 1985.

Barry G. Flynn, Houston, for appellant.

Robert LeBoeuf, Angleton, Wade Williams, Galveston, for appellees.

Before UTTER, YOUNG and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a summary judgment granted in favor of appellees, defendants below. We affirm the judgment of the trial court.

Initially, appellant brought suit° against appellees in trespass to try title, alleging that it owned the riverbed of a certain man-made section of the Colorado River upon which appellees each built piers extending from their respective riverside properties. The section of the Colorado River in question flows through what is commonly known as Right-of-Way Tracts Nos. 44A and 44B. In a combined Right-of-Way and Spoil-Easement Deed, ("easement deed") dated February 17, 1960, and recorded February 23, 1960, Wyatt O. Selkirk, the parties' common source of title, granted a perpetual easement to Matagorda County to use Right-of-Way Tracts Nos. 44A and 44B to construct, maintain and improve a new man-made watercourse for the Colorado River. Right-of-Way Tracts Nos. 44A and 44B were originally part of the western portion of Lot 4 of the Selkirk Island Subdivision.

At the time of trial, appellant owned Lot 4 of the Selkirk Island Subdivision, the unsubmerged part of which is located on the east side of the Colorado River; whereas, appellees owned respectively Lots 51 and 53 of the Exotic Isle Subdivision, the unsubmerged part of which is located on the west side of the Colorado River, adjacent to Lot 4 of the Selkirk Island Subdivision.

Both appellees claim their title to their respective riverside properties through a Warranty Deed ("warranty deed"), dated June 11, 1969 and recorded June 16, 1969, and a Correction Deed ("correction deed"), dated June 11, 1969 and recorded February 17, 1970. In said deeds, Wyatt O. Selkirk, the parties' common source of title, conveyed to T. Keith Schier a certain tract of land ("Exotic Isle"), which later became Exotic Isle Subdivision, wherein appellees'

riverside properties, Lots 51 and 53, are located.

At trial, appellant filed its Motion for Partial Summary Judgment, alleging that the summary judgment evidence established, as a matter of law, that appellees constructed their piers upon the riverbed of the Colorado River in Right-of-Way Tracts Nos. 44A and 44B, to which appellant owned fee title. Appellant alleged that it owned fee title to Lot 4 of the Selkirk Island Subdivision, including fee title to *all* of Right-of-Way Tracts Nos. 44A and 44B, by virtue of a Deed ("deed") dated March 22, 1971 and recorded April 7, 1971. By said deed, Wyatt O. Selkirk conveyed Lot 4 to appellant "subject to" the warranty and correction deeds to T. Keith Schier and the easement deed to Matagorda County.

In response to appellant's Motion for Partial Summary Judgment, appellees each filed written responses and motions for summary judgment. In their written responses and motions for summary judgment, each appellee alleged that, by virtue of the warranty deed and correction deed to T. Keith Schier, appellees' predecessor in title, Wyatt O. Selkirk, the parties' common source in title, passed title to the center of the Right-of-Way easement and/or navigable stream, the Colorado River, by having conveyed fee title abutting said right-of-way and/or said navigable stream; therefore, as successors in title to T. Keith Schier to the riverside properties, Lots 51 and 53 of the Exotic Isle Subdivision, appellees, and not appellant, were the owners of the west half of riverbed upon which appellees built their piers. Appellees further alleged that appellant was without right to "control" appellees' construction of the piers upon the navigable waters of the Colorado River, the control over which is vested in the State of Texas. After considering the summary judgment evidence, the trial court granted appellees' motions for summary judgment and denied appellant's motion for partial summary judgment.

In its first and third points of error, appellant, in essence, contends (1) that there existed a genuine issue of material

fact regarding the ownership of the riverbed in question, and, alternatively, (2) that, as a matter of law, it was the owner of fee title to the entire riverbed in question.

By the warranty deed, Wyatt O. Selkirk, the parties' common source of title, conveyed to T. Keith Schier, appellees' predecessor in title, fee title to Exotic Isle. The warranty deed particularly described the property conveyed in a metes and bounds description, which included certain course and distance calls ("meanders") meandering "the West bank of the Dredged Channel." Subsequent to and correcting the warranty deed, the correction deed was executed by Selkirk and Schier and recited that "the specific calls for course and distance in the metes and bounds description contained in said Deed were in error inasmuch as they did not fully enclose all of the surface area of the island to the shorelines thereof.... It is the desire of the said Wyatt O. Selkirk and the said T. Keith Schier that the description in the original Deed ... be corrected." The correction deed particularly described the property conveyed in a metes and bounds description, including course and distance calls "following the meander of the Westerly shore of the New dredged channel." Both the warranty deed and correction deed were expressly made "subject to" the easement deed.

The summary judgment evidence contains the deeds to Lots 51 and 53 of the Exotic Isle Subdivision under which appellees received title to their respective riverside properties; however, neither the deeds or any other summary judgment evidence contains metes and bounds descriptions of Lots 51 and 53 showing the exact extent to which the lots extend towards the river or right-of-way easement. However, the affidavits of both appellees state that "My land *borders* the Colorado River which is the subject of a 'Combined Right-of-Way and Spoil Disposal Easement' granted to Matagorda County to use Right-of-Way tracts 44A and 44B." (Emphasis added.)

Appellant argues that the warranty and correction deeds reflected a definite intent on the part of the grantor, Wyatt O. Selkirk, to limit the conveyance to just the land specifically described by the course and distance calls in the metes and bounds description of the deeds; therefore, the trial court should have granted appellant's Motion for Partial Summary Judgment. Alternatively, appellant argues that a fact issue existed regarding whether the parties to the warranty and correction deeds, under which appellees claim title, manifested an intention for the boundary line of the land conveyed to be anything other than according to the precise course and distance calls contained in the metes and bounds description of the correction deed; therefore, the trial court erred by granting appellees' motions for summary judgment.

■ Appellees' affidavit testimony that their land *borders* the river, without more, such as an adequate metes and bounds description, does not establish, as a matter of law, appellees' claims to fee title of the west one-half of the riverbed of the Colorado River and/or the right-of-way easement to the center of said river and/or right-of-way easement. However, we hold that the summary judgment evidence established, as a matter of law, that, on June 11, 1969 (the date of the warranty deed and correction deed), fee title to the west one-half of the river was conveyed by Wyatt O. Selkirk, the parties' common source in title, to T. Keith Schier, appellees' predecessor in title. When Wyatt O. Selkirk conveyed by meander calls, the purpose of the meander calls contained in the deeds was clear; there was no fact question to be determined by a trier of fact, but the question of whether the "meanders" of the river, rather than the course and distance lines, constituted the boundary of the property was one of law for the court. *Strayhorn v. Jones*, 157 Tex. 136, 300 S.W.2d 623 (1957). No fact question on the matter was presented. Appellant's first point of error is overruled.

■ The course and distance calls, which followed the "meanders" of the Colorado

River, in the warranty and correction deeds reflected that the property conveyed was bounded by the Colorado River, and not by the specific course and distance calls. *Ibid,* 300 S.W.2d at pp. 631–632. When a private person (including corporations, etc.) conveys titles of lands owned by him abutting a stream—whether navigable or not—such conveyance passes to the grantee (unless the conveyance clearly shows a contrary intention) title to the one-half of such stream bed abutting his land, subject, of course, to whatever rights the State of Texas may have in the stream bed. *Ibid.,* 300 S.W.2d at p. 634; *Moore v. Ashbrook,* 197 S.W.2d 516 (Tex.Civ.App.—San Antonio 1946, writ ref'd). Since Wyatt O. Selkirk, the parties' common source of title, conveyed in the warranty and correction deeds the fee title to Exotic Isle owned by him abutting the Colorado River, such conveyances passed to the grantee, T. Keith Schier, appellees' predecessor in title, title to the west one-half of the subject riverbed of the Colorado River. As a matter of law, appellant was not the owner of fee title to the entire riverbed. Appellant's third point of error is overruled.

In its second point of error, appellant complains that the trial court improperly based the summary judgment upon its Conclusion of Law No. 2, which allegedly held that the State of Texas owned the subject riverbed, the Colorado River, a navigable stream.

█ The Colorado River is a recognized "navigable stream." *See* TEX.NAT.RES. CODE ANN. § 21.001(3) (Vernon Supp. 1984); *City of Austin v. Hall,* 93 Tex. 591, 57 S.W. 563 (1900); *Natural Resort Communities, Inc. v. Cain,* 479 S.W.2d 341 (Tex.Civ.App.—Austin 1972), rev'd and remanded on other grounds, 526 S.W.2d 510 (Tex.1975). Appellee argues that, because the Colorado River is a "navigable stream" and a "public river," the riverbed is "property of the State" as provided in PARKS & WILDLIFE CODE ANN. § 1.011 (Vernon Supp.1984). However, unlike most "navigable streams" and "public rivers" with riverbeds owned by the State, the Colorado

River was allowed to flow across the property in question by virtue of the right-of-way easement granted in the easement deed to Matagorda County. It is undisputed that, at the time of the easement deed, fee title to the Right-of-Way Tracts Nos. 44A and 44B was held by Wyatt O. Selkirk, the parties' common source in title. Such private ownership of lands underlying "navigable streams" has been recognized previously by Texas courts. *See Coastal Industrial Water Authority v. York,* 532 S.W.2d 949 (Tex.1976) and cases cited therein. "It is clear from the cases, however, that submergence does not necessarily destroy the title of the owner." *Ibid.* at p. 954. There is no summary judgment evidence that, subsequent to the time of the easement deed, fee title to the right-of-way tracts was ever conveyed to or condemned by the State; therefore, we hold, as a matter of law, that the State did not hold fee title to the land in question. If the import of the trial court's Conclusion of Law No. 2 was that the State of Texas owned the subject riverbed, as alleged by appellant, such Conclusion of Law was erroneous.

However, since we have held above that there was a specified ground (i.e., that the title to the subject riverbed, upon which appellees built their piers, was not held by appellant) upon which appellees' motions for summary judgment could have been properly granted, the trial court's gratuitous conclusion of law, even if erroneous, would constitute harmless error because it did not result in the rendition of an improper judgment. TEX.R.CIV.P. 434. Appellant's second point of error is overruled.

In its fourth point of error, appellant complains that there is no evidence to support certain of the trial court's findings of fact and that the said findings were irrelevant and immaterial. We hold that the trial court's findings of facts constituted harmless error. TEX.R.CIV.P. 434. Appellant's fourth point of error is overruled.

The judgment of the trial court is AFFIRMED.

GONZALEZ, J., not participating.