# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2010

No. 10-20456
Summary Calendar

Lyle W. Cayce
Clerk

VALLIRE OZENE; LYNDON GRANGER; LATOYA JERNIGAN,

Plaintiffs–Appellants,

v.

TEXAS DEPARTMENT OF FAMILY PROTECTIVE SERVICES; AMBER
JERNIGAN; WANDA MILES; CLAUDIA ANN JACKSON; TASHA
RODGERS; LATASHA ALLEN; DAISY CLARK,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-245

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Vallire Ozene, Lyndon Granger, and Latoya Jernigan (Appellants) sued
the Texas Department of Family Protective Services (TDFPS) and several
TDFPS officials (collectively the State Defendants), and other individuals
unaffiliated with the state of Texas. The case appears to stem from a dispute
over the custody of two minor children, S.J. and T.J. Both children were subject

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-20456

to writs of attachment in Texas state court naming the TDFPS as their temporary managing conservator. The Appellants claimed in their lawsuit that the various defendants conspired to fabricate false allegations against the Appellants in order to terminate the Appellants' custodial rights over S.J. and T.J. The complaint included allegations that the defendants violated the Fourth, Fifth, Sixth, and Fourteenth Amendments, and sought relief pursuant to 42 U.S.C. § 1983. The Appellants requested damages in the amount of $100 million, as well as the possession of S.J. and T.J.

The State Defendants moved for dismissal of the Appellants' suit, and the district court dismissed the case, pursuant to FED. R. CIV. P. 12(b)(1), after it determined that it lacked subject matter jurisdiction. Specifically, the district court concluded that the Appellants' suit was an attempt to modify the terms of state-court child custody orders, and that both the *Rooker-Feldman* doctrine[1] and the domestic relations exception to federal jurisdiction[2] applied to limit the court's jurisdiction. The Appellants, proceeding *pro se*, now appeal.

We consider at the outset whether the Appellants have abandoned all issues on appeal. The Federal Rules of Appellate Procedure require that an appellant's brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."[3] "Failure adequately to brief an issue on appeal constitutes waiver of that argument."[4] Moreover, "[a]lthough *pro se* briefs are to be liberally

---

[1] *See D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[2] *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees.").

[3] FED. R. APP. P. 28(a)(9)(A).

[4] *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004).

2

No. 10-20456

construed, *pro se* litigants have no general immunity from the rule that issues and arguments not briefed on appeal are abandoned."[5]

In their brief, the Appellants simply provide a list of the rights that they claim have been violated in their case, as well as a list of citations to cases addressing whether qualified immunity is available for state officials who commit constitutional violations when removing children from the custody of their parents. The district court did not dismiss the Appellants' suit on qualified immunity grounds, however, and the Appellants utterly fail to address the district court's decision to apply the *Rooker-Feldman* doctrine and the domestic relations exception to this case. Because the Appellants point to no specific error in the district court's order, we hold that the Appellants have abandoned all issues on appeal.[6]

AFFIRMED.

---

[5] *Geiger v. Jowers*, 404 F.3d 371, 373 n.6 (5th Cir. 2005) (per curiam) (citation omitted); *see also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam) ("[W]hile we construe *pro se* pleadings liberally, *pro se* litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure.").

[6] *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (noting that "arguments must be briefed to be preserved" (citation and quotation marks omitted)).