IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 26, 2008

Charles R. Fulbruge III
Clerk

No. 08-40302
Summary Calendar

CYNTHIA ANTWI

Plaintiff - Appellant

v.

CVS CORPORATION

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC 3:07-CV-348

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This is an employment discrimination case. Cynthia Antwi sued CVS Corporation ("CVS") in the 239th Judicial District, Brazoria County, Texas, alleging that the termination of her employment as a CVS pharmacist constituted race and gender discrimination and retaliation in violation of Chapter 21 of the Texas Labor Code, TEX. LAB. CODE ANN. §§ 21.001-.556 (Vernon 2003), 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, 42

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. §§ 2000e-2(a) (2003). CVS removed to the United States District Court for the Southern District of Texas, Galveston Division, on the bases of federal question jurisdiction and diversity. The district court granted summary judgment in favor of CVS on all claims.

Antwi appeals the district court's grant of summary judgment, alleging that she made a prima facie case of racial discrimination and retaliation so as to sufficiently rebut CVS's proffered reasons for terminating her. Nowhere in Antwi's appellate brief does she provide contentions, facts, legal citations, or analysis pertaining to her retaliation claim; accordingly, she has waived that issue on appeal. Procter & Gamble Co. v. Anyway Corp., 376 F.3d 496, 499 n.1 (5th Cir. 2004); see also FED. R. APP. P. 28(a)(9)(A). We only address Antwi's discrimination claims against CVS.

We review de novo the district court's grant of summary judgment. Travelers Cas. & Sur. Co. of Am. v. Baptist Health Sys., 313 F.3d 295, 297 (5th Cir. 2002). Summary judgment is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

To survive summary judgment, Antwi had the initial burden of proving a prima facie case of discrimination. See Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 142-43 (2000).[1] In order to establish a prima facie case, Antwi had to provide evidence "'that she: (1) is a member of a protected class; (2) was

---

[1] "The summary judgment test for discrimination claims under section 1981 . . . is the same as the test for discrimination claims under Title VII." Patel v. Midland Memorial Hosp. & Med. Ctr., 298 F.3d 333, 342 (5th Cir. 2002).

qualified for her position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class,' or, in the case of disparate treatment, shows 'that others similarly situated were treated more favorably.'" Okoye v. Univ. of Tex. Houston Health Science Ctr., 245 F.3d 507, 512-13 (5th Cir. 2001) (quoting Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 404 (5th Cir. 1999)). Antwi did not meet the fourth requirement for a prima facie case. CVS replaced her with Ruby Akuchie, who is also an African-American female, and fired three other pharmacists within the same geographical area after they, like Antwi, refused to fill legitimate prescriptions. Because Antwi failed to establish a prima facie case of discrimination, the district court properly granted summary judgment to CVS.

AFFIRMED.