**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2012

Lyle W. Cayce
Clerk

No. 11-41154
Summary Calendar

WAYNE A. STOKER,

Plaintiff - Appellee

v.

TRIMAS CORPORATION, doing business as Norris Cylinder Company,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:10-CV-583

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Wayne Stoker, proceeding *pro se* and *in forma pauperis*, challenges the 12(b)(6) dismissal of his employment-discrimination action against Trimas Corporation. The district court dismissed the action, pursuant to res judicata, as the claims were previously resolved in arbitration. Stoker contends the arbitration does not bar his claims because: he did not knowingly waive his right to await the results of the Equal Employment Opportunity Commission (EEOC) investigation; the arbitrator lacked jurisdiction; Stoker did not have a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

full and fair opportunity to litigate his claims; and the issues before the arbitrator were not identical. These contentions lack merit.

Over the course of his employment with Trimas, Stoker filed four discrimination charges with the EEOC. One, in 2003, was dismissed on summary judgment in federal court. The EEOC issued right-to-sue letters on two filed in 2008, at which point Stoker (while represented by counsel) filed a demand for arbitration. In 2009, Stoker was terminated for a safety violation. He filed a fourth EEOC charge in response, alleging discrimination and retaliation. In 2010, before the EEOC had issued a right-to-sue letter regarding his latest claim, the final arbitration hearing began. There, with Stoker present and represented by counsel, the parties agreed to arbitrate all of his claims, explicitly including the 2009 claim. All issues were decided against Stoker. Six months later the EEOC issued a right-to-sue letter for the 2009 charge and this action followed.

Our court reviews *de novo* a dismissal for failure to state a claim upon which relief can be granted. *E.g., Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The res judicata effect of a prior judgment is a question of law reviewed *de novo. E.g., Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 546 (5th Cir. 2001). Res judicata has four elements:  (1) the parties are identical; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim was involved in both actions. *E.g., Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004). "If these conditions are satisfied, all claims or defenses arising from a common nucleus of operative facts are merged or extinguished." *Id.*

Here, the arbitration proceeding included the exact same parties. It also resulted in a final judgment on the merits by a court of competent jurisdiction. *U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 16 (2001) (Ginsburg, J., concurring) ("a valid and final award by arbitration has the same effects under the rules of res

judicata . . . as a judgment of a court"); *see also Nelson v. AMX Corp.*, 2005 WL 2495343 at \*6 (N.D. Tex. Sept. 22, 2005), *aff'd* 227 F. App'x 363 (5th Cir. 2007). That final judgment included the claims in this action. As such, res judicata properly applied and Stoker failed to state a claim upon which relief could be granted.

AFFIRMED.