# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20477
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2018

Lyle W. Cayce
Clerk

TECNA PERU, S.A.C.,

Plaintiff–Appellee,

v.

UNISERT MULTIWALL SYSTEMS, INCORPORATED,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-773

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

In October 2016, Tecna Peru, S.A.C. ("Tecna") and Unisert Multiwall Systems, Inc. ("UMS") went to trial over an alleged breach of contract. The jury found that UMS failed to pay Tecna commission on contracts that Tecna had obtained for UMS, and awarded Tecna damages. UMS now appeals. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20477

## I. BACKGROUND

In 2007, UMS, an American company that markets pipeline anti-corrosion technology, entered into an agreement with Tecna, a Colombian company, whereby Tecna agreed to market UMS products and services and receive a 10% commission in exchange (the "Agency Agreement"). For two years, Tecna marketed on behalf of UMS, bid on and secured contracts, and received its commission.

The parties' relationship soured around August 2009 when UMS's CEO, Roger Tierling, testified he heard Tecna had pocketed a significant portion (UMS alleges $140,000) of a $200,000 "propina"—tip—that UMS gave to Tecna to include in its bid to customer Consorico Terminales for the contract executed on July 2, 2007 ("Contract 1"). In response to this, Tierling arranged to meet with Tecna's CEO, Alberto Padilla. The parties disputed at trial over whether this meeting was to terminate the Agency Agreement, or whether the Agency Agreement continued. Regardless, Tecna continued to market for UMS and secured three additional contracts on behalf of UMS ("Contracts 2, 3, and 4," respectively). UMS never paid Tecna a commission in connection with these contracts.

Important to this appeal is the timeline with respect to Contract 2. Tecna secured the contract on August 24, 2009. Padilla then asked UMS's CEO Tierling to send the commission payment schedule, to which Tierling responded that Tecna's commissions would be "credited against the $140,000 owed" to UMS and that Tecna would "[t]hen . . . receive commissions as usual." Padilla responded that Tecna did not owe anything and continued to email to ask for commission payments into late June of 2010.

Tecna then brought this suit in diversity jurisdiction against UMS on March 26, 2014, to recover payment of the commissions based on a breach of the Agency Agreement claim. UMS defended itself with two affirmative

2

No. 17-20477

defenses: prior material breach and statute of limitations. The district court submitted these issues, as well as the issues of performance and damages, to the jury. The jury rejected UMS's affirmative defenses, and found Tecna was entitled to recover commission on Contracts 2, 3, and 4. UMS moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) and for a new trial under Rule 59, which the district court denied. UMS now appeals, raising three issues: (1) whether the evidence was sufficient to support the jury's finding that UMS was not excused from performance due to Tecna's prior material breach of the Agency Agreement, (2) whether the statute of limitations bars Tecna's claim for commissions on Contracts 1 and 2, and (3) whether the district court erred in admitting witness testimony about the contracts.

## II. DISCUSSION

We review a district court's denial of a Rule 50 motion for judgment as a matter of law de novo, using the same legal standard as the district court. *Nobach v. Woodland Vill. Nursing Ctr., Inc.*, 799 F.3d 374, 377 (5th Cir. 2015). However, we draw all reasonable inferences in a "light most favorable to the non-moving party" and our "review with respect to a jury verdict is especially deferential." *Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 235 (5th Cir. 2001) (citation omitted). In situations like the one presently before us where the moving party makes a Rule 50(b) motion for judgment as a matter of law after the jury's verdict, "we have a basis to review [its] challenge to the sufficiency of the evidence." *Nobach*, 799 F.3d at 377 n.5 (citation omitted). "[T]he legal standard is whether 'a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Id.* at 377–78 (quoting Fed. R. Civ. P. 50(a)(1)). "If the evidence at trial points so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a

contrary conclusion, this court will conclude that the motion should have been granted." *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1323 (5th Cir. 1994).

First, the jury answered "no" to the interrogatory: "[w]as [UMS]'s failure to comply with the Agency Agreement excused?" UMS challenges this interrogatory, effectively arguing that Tecna embezzled $140,000 of UMS's funds from the $200,000 tip and that this action constituted a material breach of the Agency Agreement, thereby excusing UMS from later performance. *See PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 633 (Tex. 2008).

While the parties agree about the existence of the $200,000 for third-party expenses, as UMS acknowledges, "[t]he parties disagree about what happened with the remaining $140,000 of the expense fund." UMS presented evidence at trial from its CEO, Tierling, that "Tecna had misled UMS into believing the entire $200,000 went to [the manager of Consorico Terminales]." This action by Tecna, UMS contends, violated agent Tecna's fiduciary duty to principal UMS. *See Kinzbach Tool Co., Inc. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 512–13 (Tex. 1942); *see also Douglas v. Aztec Petroleum Corp.*, 695 S.W.2d 312, 319 (Tex. App.—Tyler 1985, no writ) ("It is a fundamental principle of our law that an agent who acts adversely to his principal or otherwise breaches his fiduciary obligation is not entitled to compensation for his services.").

The question, however, is not whether embezzlement by an agent of his principal's money is a breach of the agency relationship—it certainly is—but whether a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Nobach*, 799 F.3d at 377–78 (quoting Fed. R. Civ. P. 50(a)(1)). Here, there was enough evidence presented at trial from which the jury could conclude that Tecna did not embezzle the funds, and in turn, did not breach its fiduciary duty or the Agency Agreement thereby excusing UMS's performance. As Plaintiffs articulate, there was evidence

presented at trial, through Padilla's testimony, that Padilla and Tierling discussed the tip, "agreed to add it to the Contract 1 bid price," and that the "tip was knowingly given over time by [UMS] to Tecna per their oral agreement." "Padilla testified that Tecna was entitled to keep the tip for necessary expense[s] and to pay those individuals who helped Tecna get [UMS] contracts." Thus, the jury's determination effectively came down to whether it credited the testimony of Tierling or Padilla. The jury choose to believe Padilla. It was entitled to weigh those competing accounts and make a credibility determination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). We will not disturb the jury's determination and resulting verdict on this ground.

Second, UMS argues that the four year statute of limitations for breach of contract claims bars Tecna's claims as to the first and second contracts. *See* Tex. Civ. Prac. & Rem. Code § 16.051. UMS contends that both Tecna's first and second contract claims accrued before March 26, 2010, because UMS manifested its *intent* not to pay commissions no later than February 2010, "when UMS sent Tecna a new agency agreement after refusing repeated demands by Tecna for payment of commissions." That is, UMS effectively argues that Tecna knew UMS was not going to pay before March 26, 2010. Because Tecna did not bring suit until March 26, 2014, UMS argues Tecna did not timely file its suit as to these claims. The jury disagreed and found that UMS did not repudiate the Agency Agreement prior to March 26, 2010.

The district court denied UMS's motion for judgment as a matter of law on the statute of limitations question. The court found that the claim accrual issue in this case was a fact issue for the jury because "the accrual of Tecna's cause of action turned on whether [UMS] repudiated the Agency Agreement by March 26, 2010." The court then found that UMS did not "prove *when* the contract was breached (i.e., when the claim accrued)" and that the "fact that

[UMS] had not paid Tecna's commission as of March 26, 2010[,] is insufficient to prove that [UMS] had breached the contract by that time" since "[n]on-payment gives rise to a breach only if payment is [ ] due."

We agree. "Under Texas law, '[l]imitation of actions is an affirmative defense that must be specifically pleaded and proved'" by the party asserting the defense. *Cont'l Cas. Co. v. Dr. Pepper Bottling Co. of Tex., Inc.*, 416 F. Supp. 2d 497, 505 (N.D. Tex. 2006) (citing *Intermedics, Inc. v. Grady*, 683 S.W.2d 842, 845 (Tex. App.—Houston [1st Dist.] 1984, no writ)). "Contract claims generally accrue when the contract is breached." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Hoover v. Gregory*, 835 S.W.2d 668, 677 (Tex. App.—Dallas 1992, writ denied) (brackets omitted)). Here, UMS has failed to meet its burden as it has not cited to any date articulating when payment to Tecna came due. UMS instead repeatedly insists Tecna was aware of its intent to not pay, but this suspicion has no impact on the determination of when payment was actually due. Based on this, the jury was permitted to conclude, as it did, that UMS did not repudiate the Agency Agreement prior to March 26, 2010. *See Omnitech*, 11 F.3d at 1323. We again reject UMS's challenge.

Finally, UMS argues that the district court erred by allowing in evidence of the contract amounts through witness testimony. While UMS maintains that this evidence was hearsay and violated the best evidence rule, UMS fails to articulate its argument any further, nor does it provide any case law or record citations in support of its contentions. *See* Fed. R. App. P. 28(a)(8) (briefing "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). "Failure [to] adequately [ ] brief an issue on appeal constitutes waiver of that argument." *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499

No. 17-20477

n.1 (5th Cir. 2004). We therefore reject the opportunity to consider UMS's argument as we deem it waived.

### III. CONCLUSION

In sum, we AFFIRM the final judgment of the district court.