# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2019

Lyle W. Cayce
Clerk

No. 17-41286
Summary Calendar

MURALIDHARAN KRISHNAN; INDIRAGANDHI KENTHAPADI,

Plaintiffs-Appellants

v.

JP MORGAN CHASE BANK, N.A.; BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P.; GREG BERTRAND, Substitute Trustee; DEAC CAUFIELD, Substitute Trustee; ALISON GRANT, Substitute Trustee,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:15-CV-632

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Muralidharan Krishnan and his wife, Indiragandhi Kethapadi (the Krishnans), appeal the dismissal, for failure to state a claim, of their lawsuit seeking to halt the appellees' foreclosure sale of property in Collin County, Texas, with which the Krishnans secured a bank loan upon which they later defaulted. *See* FED. R. CIV. P. 12(b)(6). We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41286

The crux of the Krishnans' argument is that Myrtle Cox and Bubba Fangman, J. P. Morgan Chase (JPMC) vice presidents appointed as substitute trustees to sell the Collin County property, are in fact criminals who were not authorized to act as trustees, thus rendering any sale fraudulent. In granting the appellees' motions to dismiss, the district court concluded that the Krishnans' allegations of criminality were baseless and that, in any event, they lacked standing to challenge Cox's and Fangman's appointments as trustees. The court also rejected the Krishnans' claims of negative credit reporting, discrimination, and unjust enrichment.

The Krishnans do not address the district court's findings that they lacked standing to challenge Cox's and Fangman's trustee appointments; that they failed to assert an actionable claim regarding JPMC's authority to foreclose on the Collin County property; that they failed to state a claim regarding negative credit reporting or discrimination; that there were no facts supporting their unjust enrichment claim; or that they were not entitled to partial summary judgment or a temporary restraining order. They have accordingly waived any such arguments on appeal. *See Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004).

Moreover, the Krishnans have abandoned their fraud claims by failing to adequately brief them. *See Davis v. Davis*, 826 F.3d 258, 266 (5th Cir. 2016). Their arguments to that end are largely conclusory, and they neither point to specific parts of the record nor cite relevant authority supporting their entitlement to relief. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); FED. R. APP. P. 28(a)(8)(A). Nor do they actually address the district court's Rule 12(b)(6) findings. *See Procter & Gamble*, 376 F.3d at 499 n.1. Consequently, there is no basis for granting appellate relief.

No. 17-41286

The judgment of the district court is AFFIRMED. The Krishnans' motions to refer this case for criminal investigation or prosecution, to file a supplemental brief, to consolidate appeals, and to expedite the appeal are each DENIED.