**REVISED October 2, 2019**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-20223
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2019

Lyle W. Cayce
Clerk

STEPHANIE JONES,

   Plaintiff - Appellant

v.

JEREMY EDER, in his individual capacity; J. DALE, in his individual capacity; B. BAKER, in his individual capacity; R. NG, in his individual capacity; FORT BEND COUNTY,

   Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-2919

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

  On January 31, 2014, Defendant-Appellee police officer Jeremy Eder led a search of Plaintiff-Appellant Stephanie Jones' home. Eder had a warrant authorizing officers to search for and seize cocaine and any illicit contraband,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as described in an attached affidavit. During the search, another officer drew Eder's attention to one-and-one-half pills outside of their prescription containers on Jones' windowsill. Eder identified the pills as hydrocodone and alprazolam (Xanax) through consultation with representatives of a poison control center. After learning that, police seized the pills, arrested Jones, and charged her with two counts of possession of a controlled substance in a school zone.[1] Unbeknownst to the officers, Jones had a valid prescription for hydrocodone, and her father, who lived in the home, had a valid prescription for Xanax. Although Jones was indicted by a grand jury, her case was later dismissed due to insufficient evidence.

Jones filed suit, pursuant to 42 U.S.C. § 1983, alleging in the operative complaint seven claims against Eder, three other police officers, and Fort Bend County.[2] The claims rested on violations of the Fourth Amendment for unlawful seizure of Jones' person and property; violations of the Fourteenth Amendment for failure to protect her rights to privacy and to be free from unreasonable seizure; and, Fort Bend County's failure to train, supervise, and discipline its officers, *see Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). Defendants filed motions to dismiss for failure to state a claim. On August 31, 2016, the district court dismissed the right-to-privacy and failure-to-protect claims, as well as all claims against Fort Bend County.[3] Thereafter, Jones filed a motion for leave to amend her complaint for

---

[1] In her complaint, Jones alleged the officers also seized six-hundred dollars in cash from her home; however, on appeal, Jones neither raises nor briefs this issue. Accordingly, this claim is waived. *See Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) (citing FED. R. APP. P. 28(a)(9)(A)).

[2] The three other police officers named as defendants are Raymond Ng, Joshua Dale, and Bryan Baker.

[3] In this order, as well as the other orders and rulings at issue on appeal, the district court based its decision largely on the detailed findings and recommendations submitted by the magistrate judge.

a second time. The district court granted leave, and Jones filed her second amended complaint, reasserting *Monell* claims against Fort Bend County. Defendants filed motions for summary judgment. On March 20, 2018, the district court granted summary judgment for all claims against the three other police officers, leaving only the Fourth Amendment claims against Eder and the *Monell* claims against Fort Bend County remaining. Jones then sought leave to amend her complaint for a third time. On March 21, 2019, the district court, after a second round of motions practice, granted summary judgment on all remaining claims against defendants, denied Jones' motion for leave to file a third amended complaint, and entered a final judgment.[4]

On appeal, Jones asserts the district court erred in dismissing her Fourteenth Amendment claims, granting summary judgment on her remaining claims, and denying her motion for leave to file a third amended complaint. We disagree. After thorough review of the record, we find the district court committed no reversible error. Accordingly, the judgment is AFFIRMED, essentially on the basis carefully explained in the magistrate's recommendations and district court's orders adopting them.

---

[4] Jones also filed a motion for summary judgment, challenging the constitutionality of Texas Health and Safety Code §481.117(a), which criminalizes possession of a controlled substance without a valid prescription. The district court denied her motion for summary judgment and concluded that ruling on such a matter would be improper and would constitute an advisory opinion. We agree. Accordingly, the district court's denial of Jones' motion for summary judgment is AFFIRMED.