# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2019

Lyle W. Cayce
Clerk

No. 19-30070
Summary Calendar

MARCUS LOMAX,

Plaintiff-Appellee Cross-Appellant

v.

MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, L.L.C.,

Defendant-Appellant Cross-Appellee

ROSS SALVAGGIO M/V,

Defendant-Cross-Appellee

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-17825

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

This case involves an injury Plaintiff Marcus Lomax suffered while using a grinder to repair an interior surface of the Ross Salvaggio M/V (the "vessel"), which is owned by Defendant Marquette Transportation Company Gulf-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30070

Inland, L.L.C. ("Marquette"). The parties cross-appeal from the district court's judgment in Lomax's favor, which followed a three-day bench trial and a sixteen-page order containing thirty-seven detailed findings of fact and law.

Marquette seeks reversal, arguing primarily that the district court committed clear error by relying on Lomax's testimony. While Lomax's brief does not contain the required "short conclusion stating the precise relief sought," Fed. R. App. P. 28(a)(9); L.R. 28.3(j), it appears that he would have us vacate the district court's damages award and remand with instructions to increase his recovery.

The district court had maritime jurisdiction, 28 U.S.C. § 1333, and we have jurisdiction from the district court's final judgment, *id.* § 1291. Because neither party demonstrates reversible error, we will affirm.

I.

We review the district court's factual conclusions for clear error and its legal conclusions de novo. *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015) (citation omitted). Factual findings made after a bench trial deserve special deference and are reversed only if we have a "definite and firm conviction" that the district court erred. *Id.* (citation omitted). We will not reverse "simply because we are convinced that we would or could decide the case differently." *Id.* (citation omitted). Fact findings based on credibility determinations are especially insulated on review and "virtually never" constitute clear error. *Id.* (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985)).

A.

We hold first that Lomax has waived the only argument in support of his cross-appeal. "Failure adequately to brief an issue on appeal constitutes waiver of that argument." *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499

n.1 (5th Cir. 2004). To invoke our power of review, an appellant must provide "legal citations" and "analysis" in support of his argument. *Id.*

Here, Lomax argues we should vacate his award because it is "significantly below established awards in this Circuit for similar injuries." But he cites no legal authority for the proposition that we may set aside a damages award simply because it is smaller than other awards arising from similar injuries. Instead, Lomax's brief only details his medical expenses and lists ten cases that happened to involve awards greater than the district court's.[1] We decline to address an appellate argument supported by no legal reasoning or citation to pertinent authority.

## B.

Marquette's arguments fare little better. Marquette's primary contention is that the district court was wrong to rely on Lomax's testimony. Marquette points to a handful of putative discrepancies in Lomax's testimony, including over whether Lomax was wearing a protective face shield at the time of the injury, the color and weight of the grinder that injured him, and whether the grinder had a "T handle." Even though the district court resolved most of these contradictions in Marquette's favor, Marquette claims that they undermine Lomax's credibility so severely that the district court's reliance on *any* of his testimony was clear error. This argument undergirds most of Marquette's briefing.

---

[1] Only two of these cases were decided on appeal from maritime-injury judgments. In one, we affirmed the district court's damages award. *Johnson v. Offshore Exp., Inc.*, 845 F.2d 1347, 1357 (5th Cir. 1988). In the other, the district court provided no reasoning for its damages award, merely adopting the defendant's post-trial damages proposal. *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 214 (5th Cir. 2006). Lomax does not cite *Jauch* (or any other case) to support his proposed legal standard. Instead, he cites it as an example of an award larger than his. And even if Lomax had not waived reliance on *Jauch*, that case is easily distinguished in that the district court here provided detailed calculations for the amount of damages.

No. 19-30070

Critically, Marquette fails to grapple with the special deference afforded a district court's credibility determinations following a bench trial. Marquette never attempts to explain why we should have a "definite and firm conviction" that the district court erred in its treatment of Lomax's testimony. *See, e.g.*, *Guzman*, 808 F.3d at 1036. Indeed, as Marquette acknowledges, the district court did not simply accept Lomax's testimony at face value but instead made several findings contrary to Lomax. For example, it found that Lomax was in fact provided a protective face mask and that the grinder he was given weighed much less than he had testified. In light of the district court's careful sifting of the evidence, it is not for us to reach a different conclusion regarding Lomax's credibility. Furthermore, even if Marquette is correct that the district court relied on Lomax's testimony to determine what happened when he was alone, the district court's ruling was based on far more than Lomax's testimony. For instance, the district court also relied on the testimony of both Marquette's and Lomax's experts, and it fully recognized and took account of the fault Lomax had in the accident.

Marquette also argues that Lomax failed to corroborate certain parts of his testimony with extrinsic evidence—acknowledging all the while that the injury occurred while Lomax was *alone*. But Marquette cites no case for the proposition that it is per se reversible error for a district court to rely on testimony without extrinsic corroborating evidence.[2] Any argument to that effect is therefore waived. *Procter & Gamble*, 376 F.3d at 499 n.1.

---

[2] Marquette claims that we have "affirmed the proposition that a plaintiff's 'uncorroborated testimony cannot support his burden of proof.'" In support of that statement, Marquette cites our unpublished affirmance of a judgment relying in part on a finding that a seaman-claimant was not credible. *Gisclair Towing Co. v. Mire*, 61 F. App'x 918 (5th Cir. 2003). But our opinion in that case did not disturb the district court's credibility findings and did not use or refer to the language Marquette quoted.

4

## No. 19-30070

That waiver, along with our refusal to disturb the district court's credibility findings, disposes of most of Marquette's other arguments, including those based on the vessel's seaworthiness[3] and Lomax's relative liability. The remainder of Marquette's arguments lack merit and do not necessitate further discussion.

\* \* \*

Neither Marquette nor Lomax has identified even the shadow of reversible error in the district court's meticulous findings.

AFFIRMED

---

[3] Here again, Marquette has failed to develop, and has thus waived, its argument that as a matter of law, the vessel was seaworthy. A vessel is *un*seaworthy if it presents an unreasonable risk of harm to seamen. *Park v. Stockstill Boat Rentals, Inc.*, 492 F.3d 600, 604 (5th Cir. 2007) (citation omitted). Marquette claims that the grinder was safe if used properly and that Lomax had access to other equipment to complete the assigned task. But Marquette cites no legal authority for the proposition that either fact eradicates any unreasonable risk of harm.