# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2023

Lyle W. Cayce
Clerk

_____

No. 22-30614

_____

Ashton R. O'Dwyer, Jr.,

*Plaintiff—Appellant*,

*versus*

Ron Carter; Jennifer Fagan; Advanced Property Restoration Services, L.L.C.; Jason Houp; Strategic Claim Consultants, L.L.C.; Brandon Lewis; GNO Property Management, L.L.C.; Robert Kirk Phillips; Cynthia Bologna; Loeb Law Firm, L.L.C.; Jack K. Whitehead, Jr.,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-2813

_____

Before Higginbotham, Southwick, and Willett, *Circuit Judges*.
Per Curiam:[*]

Former attorney Ashton O'Dwyer, proceeding pro se, appeals from the dismissal of a suit that he filed in the United States District Court for the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30614

Eastern District of Louisiana. He has been disbarred from practicing in that court since 2009, and he was "removed from the roll of attorneys admitted to practice as a member of the bar of this court" in 2019. *In re O'Dwyer*, 771 F. App'x 556, 557 (5th Cir. 2019) (per curiam). He is also disbarred and "permanently prohibited from being readmitted to the practice of law" in the state of Louisiana. *In re O'Dwyer*, 221 So. 3d 1, 20 (La. 2017) (per curiam). Although the Eastern District of Louisiana's disbarment order allows him to petition for reinstatement, he has not done so. Because the disbarment order is still in effect, he cannot "file pleadings or documents" in the Eastern District of Louisiana—even as a pro se litigant—"without *first*" taking two steps: (1) "obtaining an Order from a member of th[e] Court" that authorizes his filing, and (2) "paying all outstanding monetary sanctions issued against him."

He did not take either step before filing the complaint in this case.

First, as the district court noted, O'Dwyer neither "s[ought]" nor "receive[d] authorization to file" this suit. And on appeal, O'Dwyer has forfeited any contrary arguments by failing to present them. *See Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004). Nor do we discern even the possibility of such an argument. While O'Dwyer did eventually ask for "Leave of Court" to file, that request appeared for the first time in a motion to reopen the dismissed case. By contrast, the disbarment order requires O'Dwyer to obtain the court's permission *before* ever filing suit. He did not do that, so dismissal was proper.

Second, and independently, O'Dwyer has "failed to pay . . . the outstanding monetary sanctions issued against him." He argues that the various sanctions he faces are each around 15 years old, and thus that they are not collectable under "the Louisiana Civil Code." We disagree. A federal court's inherent power to "vindicate[e] judicial authority" cannot "be made

No. 22-30614

subservient to" state statutes of limitations. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991) (quoting *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 705 (5th Cir. 1990)).

O'Dwyer also argues that the sanctions he faces were discharged in a bankruptcy proceeding that ended in 2015. Taking judicial notice of the record in that proceeding, we agree with the district court that the sanctions "were [not] listed or scheduled for discharge" in O'Dwyer's bankruptcy. Even if they had been listed, bankruptcy cannot discharge "a fine, penalty, or forfeiture" that is "payable to and for the benefit of a governmental unit" and that "is not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7); *see In re Schaffer*, 515 F.3d 424, 428 (5th Cir. 2008). O'Dwyer concedes that at least one of the unpaid sanctions was imposed as a "penalty." That sanction is payable to the Eastern District of Louisiana's Attorney Disciplinary Fund. O'Dwyer argues that this sanction is dischargeable because the disciplinary fund does not "actually exist[]" as a "government unit." Yet the Eastern District's rules show otherwise. The fund exists, and its monies are devoted to, among other things, "reimbursement of reasonable out-of-pocket expenses" for attorneys who serve to prosecute disciplinary actions.[1]

We find O'Dwyer's remaining arguments unavailing, and we therefore AFFIRM.

---

[1] E.D. La., *Rules for Lawyer Disciplinary Enforcement*, R. 9.1.1 (Mar. 1, 2022), https://www.laed.uscourts.gov/sites/default/files/pdfs/LAWYER%20DISC%20RULES%20Amendments%203.1.22.pdf.