# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2023

Lyle W. Cayce
Clerk

No. 22-30615

Doctor Keri Turner,

*Plaintiff—Appellant*,

*versus*

Board of Supervisors of the University of Louisiana System; Steven H. Kenny, Jr.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-664

Before Davis, Southwick, and Oldham, *Circuit Judges*.
Per Curiam:[*]

Dr. Keri Turner, a former professor at Nicholls State University, sued the University's board of supervisors and its human resources director under the Family and Medical Leave Act and related state law. The district court granted summary judgment to the defendants. We affirm.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30615

## I.

In 2010, Turner was diagnosed with irritable bowel syndrome ("IBS"). At the time, she was a tenured English professor at the University. Her condition worsened in the years that followed. By the spring 2018 semester, Turner's symptoms had progressed to the point that she found it difficult to teach classes in person and hold office hours.

In March 2018, the University granted Turner intermittent leave under the FMLA. During this initial FMLA leave period, Turner continued to be paid without interruption and without having to submit a doctor's note each time she took leave.

In March 2019, Turner made a disability accommodation request to teach all her classes online. The University denied her request because, according to the University, granting her request would have required firing four adjunct professors and reassigning another professor to cover her in-person classes.

During the first few months of the fall 2019 semester, Turner accumulated over forty absences, which included canceled classes and office hours. These absences were not protected by the FMLA because Turner's previous intermittent FMLA leave period had expired in March 2019.

On October 17, 2019, Turner met with Defendant Steven Kenny, Vice President and Director of Human Resources at the University. Kenny informed her that—due to her excessive absenteeism—she would be required to produce doctor's notes for each sick day under the University sick leave policy which allows that supervisors may choose to require medical documentation for each absence to grant paid sick leave.

On October 31, 2019, Turner met with University President Jay Clune. Clune informed her that the University was removing her from her

teaching position and reassigning her to the writing lab due to the volume of absences she had accumulated since the beginning of the semester. At the meeting, Clune gave Turner the option of retiring or continuing to work in the writing lab for the remainder of her career. Turner submitted her letter of resignation soon after noting her intent to resign at the end of the academic year.

In early November, Turner was again granted intermittent FMLA leave. But the University continued requiring her to submit a doctor's note every time she took leave. Finally, on May 15, 2020, Turner resigned.

Turner sued the University and Kenny in Louisiana state court under the FMLA and the Louisiana Employment Discrimination Law. The University defendants removed and moved for summary judgment. The district court granted summary judgment to the University defendants. Turner timely appealed.

We review *de novo* a district court's grant of summary judgment using the same standards as the district court. *See Landmark Am. Ins. Co. v. SCD Mem'l Place II, LLC*, 25 F.4th 283, 285 (5th Cir. 2022). Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## II.

We first address Turner's FMLA claim. Then we address her state law claims under the LEDL.

## A.

The FMLA provides eligible employees the right to take up to twelve weeks of unpaid leave when the employee has "a serious health condition that makes the employee unable to perform the functions of the position of

such employee." 29 U.S.C. § 2612(a)(1)(D). Employers that "interfere with, restrain, or deny the exercise of or the attempt to exercise" any right under the FMLA may be liable for FMLA interference. *Id.* § 2615(a)(1).

Claims of FMLA interference are analyzed under the *McDonnell-Douglas* burden-shifting framework. *See Amedee v. Shell Chem., LP*, 953 F.3d 831, 835 (5th Cir. 2020). A plaintiff bears the initial burden to make out a prima facie case of FMLA interference. To do so, a plaintiff must demonstrate that (1) she was an eligible employee; (2) her employer was subject to FMLA requirements; (3) she was entitled to leave; (4) she gave proper notice of her intention to take FMLA leave; and (5) her employer denied her the benefits to which she was entitled under the FMLA. *See Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017). The only element at issue here is the fifth: whether the University denied Turner the FMLA benefits she was entitled to receive.

As a preliminary matter, all agree that Turner received all the FMLA leave she requested. *See De La Garza-Crooks v. AT&T*, 252 F.3d 436, 436 (5th Cir. 2001) (per curiam) (observing that a "plaintiff suffers no FMLA injury when she receives all the leave she requests" (quotation omitted)). The University granted both Turner's requests for FMLA leave—first in March 2018 and then in November 2019.

Rather than claim she was denied FMLA leave, Turner claims Kenny interfered with her FMLA rights when he required her to obtain doctor's notes providing a medical justification for each absence. True, once an employee is initially certified for intermittent FMLA leave, employers cannot ask employees to recertify their medical condition more often than once every 30 days. *See* 29 C.F.R. § 825.308(a). But, as the district court correctly found, the University did not require doctor's notes for Turner's FMLA

leave. It required such notes for the University's separate, *paid* sick leave policy.

The University afforded its employees paid sick leave, which it allowed to run concurrently with unpaid FMLA leave. The University followed this policy during Turner's first FMLA leave period, which is why Turner continued to be paid during that period without interruption. But University policy also allowed supervisors to require doctor's notes for each absence to receive paid sick leave when there was excessive absenteeism. During Turner's second FMLA leave period, the University freely admits that it continued requiring Turner to submit documentation for each absence to allow her to continue receiving paid sick leave pursuant to the University's sick leave policy.

Turner points to no evidence to support her contention that the University's requirement that she submit medical documentation to support each absence during her second FMLA leave period pertained to her *unpaid* FMLA leave rather than her *paid* sick leave. *Cf. Acker v. Gen. Motors, LLC*, 853 F.3d 784, 791 (5th Cir. 2017) ("[A]n employer generally does not violate the FMLA if it terminates an employee for failing to comply with a policy requiring notice of absences, even if the absences that the employee failed to report were protected by the FMLA."). The FMLA allows employers to require their employees "to comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances." 29 C.F.R. § 825.302(d). No reasonable jury could conclude that the University's requirement that Turner submit medical documentation to support each absence under its paid sick leave policy—which began before Turner's second FMLA leave period started—was actually a veiled attempt to unlawfully require her to recertify her medical condition before taking each absence for purposes of the FMLA. *See* 29

No. 22-30615

C.F.R. § 825.308(a). That is because there is no evidence to support this contention, and it conflicts with the chronology of events.

B.

Next, Turner's LEDL claims. Turner first claims that she sued the University defendants for retaliation in violation of the LEDL and that the district court erred by construing that state-law claim as arising under the FMLA.

Assuming for the sake of argument that the district court erred by construing Turner's state law retaliation claim as an FMLA retaliation claim, any error was harmless because Louisiana courts look to federal employment law to interpret the LEDL. *See, e.g.*, *Lindsey v. Foti*, 2011-0426 (La. App. 1 11/9/11), 81 So. 3d 41, 44. To establish a prima facie case of retaliation, a plaintiff must show (1) that she engaged in protected activity, (2) the employer took a materially adverse action against her, and (3) a causal link exists between the protected activity and the adverse action. *See Mauder v. Metro. Transit Auth. of Harris Cty.*, 446 F.3d 574, 583 (5th Cir. 2006). Turner's retaliation claim fails because she does not point to any protected activity in her opening brief sufficient to support a retaliation claim.[1]

Turner also sued the University defendants for failing to accommodate her disability under the LEDL. To prevail on a failure-to-accommodate claim, a plaintiff must prove (1) she has a qualifying disability,

---

[1] In her reply brief, Turner identifies two possible protected activities: (1) that "she requested sick leave and permission to teach remotely and by alternative means to accommodate her" IBS and (2) that she "plac[ed] an EEOC charge claiming in part that Nicholls State University retaliated against her for refusing to properly accommodate her disability." Even assuming these activities are protected (Turner cites no authority to establish this), Turner has forfeited any argument as to these activities by failing to raise them in her opening brief. *See Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004).

(2) the employer knew about her disability, and (3) the employer refused to make *reasonable* accommodations for the known limitations. *See Feist v. La., Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013). Turner claims she was denied a reasonable accommodation when the University refused her request to teach only online courses. Assuming without deciding that Turner is a qualified individual under the LEDL, the district court granted summary judgment to the defendants because Turner admitted that "in order to accommodate her request to teach online, three of her in-person sections would have to be swapped with three online sections which were already assigned to adjunct professors." That admission is fatal to her claim given that an employer is not required to "relieve an employee of any essential functions of his or her job, modify those duties, *reassign existing employees to perform those jobs*, or hire new employees to do so." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (emphasis added); *see also Claiborne v. Recovery Sch. Dist.*, 690 F. App'x 249, 255 (5th Cir. 2017).

AFFIRMED.