# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 12, 2023

Lyle W. Cayce
Clerk

No. 23-30042
Summary Calendar

_____

Nafeesa H. Naylor,

*Plaintiff—Appellant*,

*versus*

Walmart, Incorporated,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:21-CV-3292

_____

Before Jolly, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:[*]

Nafeesa Naylor ("Naylor") appeals the district court's dismissal of her complaint alleging she was wrongfully detained and evicted from a Walmart store. Finding no error, we AFFIRM.

Naylor filed suit against Walmart, Inc. ("Walmart") in state court, claiming that the manager of the Walmart in Rayville, Louisiana, caused her physical and emotional injury when denying her the right to be in the store.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30042

Following Walmart's removal of this suit to federal court, Walmart propounded discovery. Naylor's initial disclosures were barebone and not in compliance with Fed. R. Civ. P. 26. After unsuccessfully seeking supplemental answers from Naylor's counsel, Walmart filed a motion to compel. The magistrate judge granted Walmart's motion and ordered Naylor to provide Walmart with "complete Rule 26(a) initial disclosures and to respond fully and completely to [Walmart's] interrogatories and requests for production." Naylor did not comply with the order.

Months later, Walmart filed a motion to continue trial because it had not received Naylor's supplemental discovery responses. The district court denied the motion and ordered that the parties show cause for why the case should not be dismissed due to Naylor's failure to comply with the discovery order. Walmart timely complied with the district court's order; Naylor again did not comply. The district court then dismissed the case with prejudice. Following dismissal, Naylor a motion for reconsideration. Naylor subsequently filed a motion to vacate judgment and recuse the district judge. The district court granted the motion for recusal and the case was reassigned.

After the case was reassigned to a different district judge, the district court set a hearing on Naylor's motion for reconsideration and motion to vacate judgment. Naylor failed to appear at the hearing. The district court, therefore, entered judgment dismissing the case. Naylor filed this appeal.

On appeal, Naylor challenges the district court's dismissal of her case. Although Naylor asserts extensive facts related to her grievances, she fails to address any of the procedural defaults that served as the basis for the district court's judgment. In short, she fails to explain or provide any citations to legal authority or record excerpts to demonstrate that the district court erred in dismissing her case for failure to prosecute her claims. Fed. R. App. P. 28(a)(8); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Because Naylor has failed adequately to brief issues related to the dismissal of the complaint,

she has failed to show any cognizable basis for relief. *See Roy v. City of Monroe*, 950 F.3d 245, 251 (5th Cir. 2020) (quoting *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004)). Having appealed the judgment of the district court, but having failed to raise any relevant error by the district court, the judgment dismissing the case is AFFIRMED.