# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 28, 2022

Lyle W. Cayce
Clerk

No. 21-20615

Yogi Metals Group, Incorporated; Vinod Moorjani,

*Plaintiffs—Appellants*,

*versus*

Merrick Garland, *U.S. Attorney General*; United States
Department of Homeland Security; United States
Citizenship and Immigration Services; Gregory A.
Richardson, *Director, USCIS Texas Service Center*; United States
of America,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:19-CV-4283

Before Higginbotham, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:

Yogi Metals Group, Inc. applied for an EB-1C visa for one of its employees, Vinod Moorjani. The United States Customs and Immigration Services (USCIS) denied the application. Yogi Metals and Moorjani filed suit in federal district court, arguing that USCIS acted arbitrarily and capriciously in denying the application. The district court granted summary judgment to USCIS. We affirm.

No. 21-20615

## I.

In 2015, Yogi Metals, a Texas corporation, acquired a 50% interest in SS Impex, an Indian company. In 2017, Yogi Metals appointed Moorjani, an SS Impex employee, as the general manager of Yogi Metals' scrapyard in Houston, Texas, where he then worked under a L-1A visa, a temporary nonimmigrant classification enabling the transfer by U.S. employers of an executive or manager from an affiliated foreign office to a U.S. office.[1]

Yogi Metals filed a Form I-140 petition for Moorjani's EB-1C visa, a first-preference, employment-based visa.[2] USCIS issued a notice of intent to deny (NOID), asserting deficiencies in the application. The following month, Yogi Metals and Moorjani filed a response and included additional materials to support the application. USCIS issued a second NOID, allowing the submission of further evidence. Ultimately, USCIS denied the petition.

Yogi Metals and Moorjani filed suit, seeking review under the Administrative Procedure Act[3] and a declaration that the denial of the visa application by USCIS was arbitrary and capricious. The parties filed cross-motions for summary judgment. The district court granted summary judgment to USCIS, concluding that Yogi Metals and Moorjani failed to demonstrate that Moorjani would be employed in a managerial capacity.[4] Yogi Metals and Moorjani timely appealed.

---

[1] *See* 8 C.F.R. § 214.2(l)(1).

[2] *See* 8 U.S.C. § 1153(b)(1)(C); 8 C.F.R. § 204.5(j)(2).

[3] 5 U.S.C. § 551 *et seq.*

[4] *Yogi Metals Grp. Inc. v. Garland*, 567 F. Supp. 3d 793, 798–800 (S.D. Tex. 2021).

No. 21-20615

## II.

We review *de novo* the grant of summary judgment, applying the same standards as the district court.[5] The denial of a visa application is an agency action which stands unless it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with [the] law."[6] "A decision is arbitrary or capricious only when it is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."[7] This narrow standard of review does not seek the court's independent judgment; it asks only whether the agency engaged in reasoned decision making based on consideration of the relevant factors,[8] with a visa applicant bearing the burden of establishing eligibility by a preponderance of the evidence.[9]

## III.

Under 8 U.S.C. § 1153(b)(1)(C), aliens may apply for an employment-based visa if they render services to a multinational corporation in a managerial or executive capacity. As defined by 8 U.S.C. § 1101(a)(44)(A), an employee acts in a managerial capacity if they primarily manage the organization and supervise the work of other supervisory or professional employees. This includes having the authority to hire and fire supervised employees.[10] However, "[a] first-line supervisor is not considered to be acting in a managerial capacity merely by virtue of the supervisor's

---

[5] *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002).

[6] 5 U.S.C. § 706(2)(A).

[7] *Wilson v. U.S. Dep't of Agric.*, 991 F.2d 1211, 1215 (5th Cir. 1993) (internal quotations omitted).

[8] *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1905 (2020).

[9] *Nat'l Hand Tool Corp. v. Pasquarell*, 889 F.2d 1472, 1475 (5th Cir. 1989).

[10] 8 U.S.C. § 1101(a)(44)(A)(iii).

supervisory duties unless the employees supervised are professional."[11] The applicable regulations reiterate the importance of supervisory authority for the determination of an applicant's managerial capacity and visa eligibility.[12]

Yogi Metals provided an organizational chart and Moorjani's work duties as part of the application. USCIS acknowledged these materials, but found them insufficient. The organizational chart shows eleven total employees with various lines appearing to establish the chain of command at the company.[13] It contains a line indicating that Moorjani reported to the CEO. There are employees lower than Moorjani on the organizational chart, but there are no lines indicating that any employees reported to Moorjani or that Moorjani acted in a managerial capacity.[14]

As to Moorjani's work duties, detailed in a letter submitted by Yogi Metal's CEO, they do not establish that Moorjani was *primarily* engaged in a managerial capacity. Of the eight duties listed, only two are clearly managerial: oversight of certain subordinate personnel and the hiring and firing of employees. Even in a prior statement by Appellant's counsel to USCIS, which details with greater specificity Moorjani's duties and the percentage of time spent on each, the managerial tasks are only 35% of Moorjani's time. Neither the list of Moorjani's duties nor the organizational chart establishes that USCIS acted arbitrarily or capriciously in determining

---

[11] *Id.* § 1101(a)(44)(A).

[12] 8 C.F.R. § 204.5(j)(2).

[13] USCIS questioned the reliability of the organizational chart as the Form I-140 indicated that Yogi Metals had only nine employees. Regardless of any inconsistency, the organizational chart does not support the contention that Moorjani was primarily engaged as a manager.

[14] Elsewhere, a list of Moorjani's duties indicates that he was responsible for hiring and firing the employees lower on the organizational chart, but it does not establish that he was responsible for supervising them.

that Moorjani was not *primarily* engaged in a managerial capacity, and thus ineligible for the EB-1C visa.

The Appellants argue that USCIS acted arbitrarily and capriciously in denying the EB-1C visa petition having granted Moorjani a temporary L-1A visa, with its similar requirements.[15] But the Appellants did not present this argument to the district court and we do not consider arguments first raised on appeal.[16] Regardless, the deference here due the agency decision has not been overcome, discretion informed by its announced rule that the previous grant of a temporary visa does not bind USCIS to later grant a permanent visa.[17]

## IV.

We AFFIRM the judgment of the district court, granting summary judgment to USCIS.

---

[15] *Compare* 8 C.F.R. § 204.5(j)(2) *with* 8 C.F.R. § 214(l)(1)(ii).

[16] *Est. of Duncan v. Comm'r*, 890 F.3d 192, 202 (5th Cir. 2018).

[17] *Nat'l Hand Tool Corp.*, 889 F.2d at 1476.