# United States Court of Appeals for the Fifth Circuit

---

No. 22-30767
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2023

Lyle W. Cayce
Clerk

Cardell Bright,

*Plaintiff—Appellant*,

*versus*

Willy J. Martin, *Sheriff, St. James Parish*,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-3232

---

Before King, Higginson, and Willett, *Circuit Judges*.
Per Curiam:[*]

Carvell Bright appeals the district court's grant of summary judgment for Willy J. Martin on Bright's failure-to-accommodate claim. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30767

Plaintiff-Appellant Carvell Bright[1] was employed as a sergeant at the St. James Parish Jail until his employment was terminated on April 21, 2020. On November 27, he filed a complaint, which he subsequently amended twice. As relevant to this appeal, he brought a failure-to-accommodate claim under the Americans with Disabilities Act ("ADA") arising out of events on April 16, 2020. Bright's alleged disability is rectal distress following numerous surgeries from over twenty years ago. He alleges that he sought and was denied a request to abandon his post to soothe his rectal pain before he could be relieved by another officer. The district court granted summary judgment for Defendant-Appellee Sheriff Willy J. Martin on Bright's ADA claim. Bright appeals.

We review *de novo* a grant of summary judgment and apply the same standards as the district court. *Yogi Metals Grp., Inc. v. Garland*, 38 F.4th 455, 458 (5th Cir. 2022). "To prevail on a failure-to-accommodate claim, the plaintiff must show '(1) [he] is a "qualified individual with a disability;"(2) the disability and its consequential limitations were "known" by the covered employer; and (3) the employer failed to make "reasonable accommodations" for such known limitations.'" *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017) (alteration in original) (quoting *Feist v. La., Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013)). "Plaintiffs ordinarily satisfy the knowledge element by showing that they identified their disabilities as well as the resulting limitations to a public entity or its employees *and requested an accommodation in direct and specific terms*." *Smith v. Harris Cnty.*, 956 F.3d 311, 317 (5th Cir. 2020) (emphasis added). "When a plaintiff fails to request an accommodation in this manner, he can prevail only by showing that 'the

—————————————

[1] The case caption mistakenly lists Bright's first name as "Cardell."

No. 22-30767

disability, resulting limitation, and necessary reasonable accommodation' were 'open, obvious, and apparent' to the entity's relevant agents." *Id.* at 317–18 (quoting *Windham v. Harris Cnty.*, 875 F.3d 229, 237 (5th Cir. 2017)).

Bright's failure-to-accommodate claim fails because he cannot show that he actually requested the accommodation he now alleges.[2] On April 16, Bright phoned his supervisor, Cathlyn McKarry, and told her that he was sick. She replied by telling him to call his co-worker John Falgoust to come relieve him.  But Bright did not make a request to leave prior to Falgoust coming to replace him—in other words, he did not make the specific accommodation that he claims he was denied.[3] Although an employee need not use a specific phrase to request an accommodation, this does not obviate the need for an employee to directly make a request for the specific accommodation of an employer in the first instance. *See Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 587 (5th Cir. 2020) (failure-to-accommodate claim fails because plaintiff did not meet his burden to request an accommodation); *Smith*, 956 F.3d at 317 (request must be in "direct and specific terms"). Based on the record evidence, no reasonable person would believe that Bright's communications to McKarry contained the specific accommodation that he now alleges he was refused. Bright alleges that he stated to McKarry that he "can't stay" and had "to go." But at best, such language suggests merely that he was uncomfortable and that he needed to

---

[2] Bright does not argue that his requested accommodation was so obvious that he did not need to make the request. In any case, we do not think that Bright's proffered accommodation—leaving his post *prior to his replacement's arrival*—was sufficiently obvious here.

[3] Although Bright repeatedly references a second conversation with McKarry where she told him to "[t]ake care of yourself," he has provided no evidence to refute the call logs produced by Martin showing that said call did not occur. Such unsubstantiated assertions do not raise a genuine factual dispute. *See Rogers v. Jarrett*, 63 F.4th 971, 975 (5th Cir. 2023).

No. 22-30767

leave early, not that he needed to leave immediately or prior to his replacement's arrival. His claim that Martin impermissibly denied such a request cannot succeed when the request was never made.

AFFIRMED.